UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, et al.<br><br>Defendants. | Case No. 2:22-cv-01591-SSS-AGR<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On April 3, 2023, the Court entered an Order (1) granting Defendant LAUSD's motion to dismiss the complaint; (2) dismissing all claims against LAUSD and all official capacity claims against Does 1 through 5 with prejudice as to federal claims and without prejudice as to state law claims; (3) dismissing the individual capacity claims against Does 1 through 5 with leave to amend; and (4) ordering Plaintiff to file a First Amended Complaint within 30 days if he wished to proceed with this action. [Dkt. 21].

Plaintiff did not timely file a First Amended Complaint and did not request an extension of time to do so.

1      Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint,
2 records on file, the second Report and Recommendation of the United States
3 Magistrate Judge, the objections filed by Plaintiff and the response filed by
4 Defendant.  The Court accepts the findings and recommendation of the Report.
5      For the following reasons, Plaintiff's Objections to not warrant a change
6 to the Magistrate Judge's findings or recommendation.
7      The Report recommends the dismissal of this action because of Plaintiff's
8 failure to prosecute or failure to comply with the Court's order to file a First
9 Amended Complaint. [Dkt. 25]. Instead of filing a First Amended Complaint,
10 Plaintiff filed Objections disputing the pleading deficiencies of his original
11 Complaint. [Dkt. 26]. But such Objections were due by March 20, 2023, in
12 response to the Magistrate Judge's earlier Report finding that the original
13 Complaint had failed to state a claim for which relief may be granted. [Dkt.
14 19-20]. The Court has already adopted the Magistrate Judge's findings from the
15 earlier Report. [Dkt. 21]. Plaintiff's Objections, filed on June 30, 2023, are late
16 by more than three months.
17      In any event, Plaintiff's Objections do not warrant a change to the
18 Magistrate Judge's earlier findings as to the deficiencies of the original
19 Complaint. [Dkt. 20]. The original Complaint, which alleged civil rights
20 violations when Plaintiff was prevented from picking up his child from school,
21 failed to state a claim for which relief may be granted.
22      Plaintiff objects that the Los Angeles Unified School District is liable,
23 under 42 U.S.C. § 1983, for interference with his custody of his child. [Dkt. 26
24 at 4, 7-8]. As the Report found, however, the District is an arm of the state
25 entitled to Eleventh Amendment immunity from suit under 42 U.S.C. § 1983.
26 [Dkt. 20 at 7].
27      Plaintiff objects that the police violated the Fourth Amendment by
28 interfering with his liberty interests and by requesting his identification. [Dkt.

| | |
|---|---|
| 1 | 26 at 4, 5]. As the Report found, however, a police officer's request for |
| 2 | identification, without more, does not violate the Fourth Amendment. [Dkt. 20 |
| 3 | at 8-9]. Plaintiff relatedly objects that the police threatened him and refused to |
| 4 | write a police report. [Dkt. 26 at 5, 9, 11]. As the Report found, however, the |
| 5 | mere threat of arrest does not constitute a seizure under the Fourth Amendment. |
| 6 | [Dkt. 20 at 9]. Moreover, a police officer's refusal to write a police report does |
| 7 | not violate a right secured by the Constitution or federal law. *See Gini v. Las* |
| 8 | *Vegas Metro. Police Dep't*, 40 F.3d 1041 (9th Cir. 1994) ("The police have no |
| 9 | affirmative obligation to investigate a crime in a particular way or to protect one |
| 10 | citizen from another even when one citizen deprives the other of liberty of |
| 11 | property.") (citing *DeShaney v. Winnebago Cnty.*, 489 U.S. 189, 195-96 |
| 12 | (1989)). |
| 13 | Plaintiff objects that he should receive "proper discovery" regarding |
| 14 | training policies in effect for the police department and school district |
| 15 | employees. [Dkt. 26 at 4-5, 10]. But Plaintiff is not entitled to discovery before |
| 16 | he has stated a plausible claim for relief. *See Mujica v. AirScan Inc.*, 771 F.3d |
| 17 | 580, 593 & n.7 (9th Cir. 2014). As the Report found, Plaintiff has not stated a |
| 18 | plausible claim for relief. |
| 19 | Plaintiff objects that Defendants are liable under the "state-created |
| 20 | danger" exception to the general rule that a state actor is not liable for an |
| 21 | omission or failure to protect. [Dkt. 26 at 8-9]. But as Plaintiff also concedes, |
| 22 | "there was no immediate danger" arising from the incident. [*Id.* at 10]. |
| 23 | Accordingly, Plaintiff has not stated a claim under the exception. *See Patel v.* |
| 24 | *Kent Sch. Dist.*, 648 F.3d 965 (9th Cir. 2011) (noting that the state-created |
| 25 | danger exception "applies only where there is affirmative conduct on the part of |
| 26 | the state placing the plaintiff in danger") (citation and internal quotation marks |
| 27 | omitted). |
| 28 | |

1      IT IS ORDERED that Judgment is entered dismissing this action for
2  failure to timely file a First Amended Complaint, for failure to diligently
3  prosecute this action, and for failure to comply with Court orders.
4      **IT IS SO ORDERED.**
5
6  DATED: September 27, 2023
7                                  SUNSHINE S. SYKES
                                  United States District Judge